IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HELI SAUL FUENMAYOR,<br>A# 245089184,<br>Petitioner, | § | |
| v. | § | No. 3:26-CV-1820-O-BW |
| WARDEN, PRAIRIELAND<br>DETENTION CENTER,<br>Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Daniel Heli Saul Fuenmayor filed a petition for a writ of habeas corpus under 28 U.S.C. section 2241 challenging his detention pending removal proceedings. ECF No. 3 (Petition). For the following reasons, the Court **DENIES** Petitioner's habeas petition.

**Background**

Heli Saul Fuenmayor, a native and citizen of Venezuela, alleges that he entered the United States without inspection in 2023, applied for asylum, and received employment authorization. Pet. at 7-9.

On April 10, 2026, Fuenmayor was detained and transported to the Prairieland Detention Center in Alvarado, Texas. *Id.* at 2, 31. An immigration judge denied his request for bond because he was subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *Id.* at 2. Fuenmayor now seeks habeas relief under 28 U.S.C. § 2241, challenging the statutory basis for his detention and alleging violations of procedural and substantive due process. *Id.* at 14-17.

## Legal Standard

A court may grant habeas relief under § 2241 only when the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). This exceptional relief "is the precious safeguard of personal liberty and there is no higher duty than to maintain it unimpaired." *Bowen v. Johnston*, 306 U.S. 19, 26 (1939). The petitioner has the burden to demonstrate that a constitutional violation has occurred. *Lockett v. Anderson*, 230 F.3d 695, 707 (5th Cir. 2000).

## Analysis

Fuenmayor challenges both the statutory basis for his detention and its constitutionality and argues that he is detained under 8 U.S.C. § 1226(a), not § 1225(b)(2)(A), and so is entitled to a bond hearing. Binding Fifth Circuit precedent forecloses his claims.

First, Fuenmayor fails to show that his detention under § 1225(b)(2)(A) is unlawful. He alleges that he entered the United States without inspection and does not allege that he was subsequently admitted. Pet. at 2, 9. He is therefore an applicant for admission under § 1225(a)(1). In *Buenrostro-Mendez*, the court held that a noncitizen present in the United States who has never been admitted is an "applicant for admission" under § 1225(a)(1), however long he has lived here. The court also held that such a noncitizen is subject to mandatory detention under § 1225(b)(2)(A) for the duration of his removal proceedings. 166 F.4th at 499, 502, 506-07.

It makes no difference that the Department of Homeland Security placed Fuenmayor in full removal proceedings under 8 U.S.C. § 1229a rather than expedited removal. *See* Pet. at 2, 11. Section 1225(b)(2)(A) provides that an applicant for admission who is not clearly and beyond a doubt entitled to be admitted "shall be detained for a proceeding under section 1229a." 8 U.S.C. § 1225(b)(2)(A). His statutory claim therefore fails.

Fuenmayor's procedural and substantive due process claims fail as well. Recently, the Fifth Circuit held that unadmitted noncitizens detained under § 1225(b)(2)(A) are not constitutionally entitled to bond hearings. *Rodriguez v. Vergara* --- F.4th ---, No. 26-50183, 2026 WL 3181188, at *1 (5th Cir. Oct. 23, 2026) (en banc). The court also held that mandatory detention satisfies rational-basis review because it ensures availability for removal. *Id.* at *12. Fuenmayor's allegations concerning his lack of a criminal record, compliance with immigration proceedings, and community ties do not distinguish his claims from those rejected in *Rodriguez*. *See* Pet. at 5, 10-11, 17.

Nor does Fuenmayor allege circumstances suggesting that his detention no longer serves its immigration purpose. His removal proceedings remain pending, and he does not allege excessive governmental delay, pretextual proceedings, or that removal is no longer reasonably foreseeable. *Rodriguez v. Vergara* held that detention without a bond hearing under § 1225(b)(2)(A) does not offend due process "so long as removal remains a viable prospect." F.4th __, No. 26-50183, 2026 WL 3181188, at *13-14, (5th Cir. Oct. 23, 2026) (en banc) (cleaned up).

Accordingly, Fuenmayor has not established that his detention violates the Constitution or federal law.

## Conclusion

For the foregoing reasons, the Court **DENIES** Heli Saul Fuenmayor's petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Dkt. No. 3).

**SO ORDERED** this 6th day of November, 2026.

Reed O'Connor
CHIEF UNITED STATES DISTRICT JUDGE